The opinion of the Court was delivered by
Fenner, J.
The following are the essential facts of this case:
Au agent of defendant had several interviews with the plaintiff, with the object of inducing her to exchange au old sewing machine which she had, for a new one, upon paying acertain difference in value by instalments.
It seems that no very definite agreement was reached, but the agent,, anticipating an ultimate trade, carried the new machine to the house, and finding the plaintiff absent and the house in charge of her young daughter, left the new machine there and carried off the old one. No complaint of this action was communicated by plaintiff to the Company.
Subsequently, another agent called on plaintiff to obtain her signature to a printed and written contract. She signed the same without reading it, as she states, hut it was subsequently read and explained to her; and, although she states that she complained of the terms not being in accordance with the proposition made to her by the former agent, she does not pretend that she repudiated the contract or demanded the cancellation of her signature, or the return of her old machine and the taking away of the new. On the contrary, she *1242 accepted the situation and kept and used the new machine for some months without protest.
We can discover no ground for annulling this contract for either error, fraud-or violence, and think the plaintiff was conclusively bound by it.
By its terms she was to pay thirty dollars in cash, which was paid by the agreed valuation of her old machine, and the balance, in instalments of five dollars each, payable on the 2d of June, and of each succeeding month; and it was further stipulated, in substance, that said payments, until completed, were to be accepted ng rent for the machine, but, when completed, were to be accepted in full payment of the price thereof; and further, that in case of default, in payment, the lease should be forfeited and the Company should have the right to enter and retake the machine.
Plaintiff defaulted in payment during the first three months, never paying a single instalment. In the meantime, L. B. Jencks called several times at the office of the Company and applied for indulgence in the payments and made promises in reference thereto, and finally promised to pay on a particular day, and that in case of failure the Company might send up and get the machine. He did fail, and then the Company sent a man to the house to get the money or the machine. He went and communicated his mission to plaintiff whom he found at home. She asked him to wait till Saturday, which he said he had no authority to do; and she then voluntarily hunted up the attachments of the machine and delivered them to him and permitted him to carry it away without remonstrance or objection.
For this so-called “illegal trespass and seizure” of her machine, the plaintiff claimed in this action $2314, as actual and exemplary damage's, and was allowed by a jury one thousand dollars.
The action rests on the provisions of Act 62 Ex. Sess. 1877, which provided that contracts like the one here involvod, shall bé considered as contracts of sale, enforceable for unpaid instalments only by exercise of the vendor’s privilege, and forbidding, under penalties, the enforcement of any agreement that the vendor might enter and retake the property without, judicial process.
Pretermitting all questions as to the effect- to be given to such legislation, it is very plain that it was not intended to inflict penalties or liability in damages, except for trespass and forcibly carrying away property against the will and protest of the transforree.'
A case which would fall within the intendment of the Act is presented in the Illinois case quoted so confidently by counsel for plaintiff. 86 111. 456. Here we can find no element of a trespass or illegal taking and carrying away. There is nothing to show anything done *1243 in opposition to the protest of plaintiff; or to indicate that, had she denied the right of the party to take the machine or prohibited hinx from doing so, he. would have persisted in that course.
The Company had reasonable ground to suppose that Jencks represented plaintiff in his repeated visits and applications for indulgence iu the payments and in his final consent that it should send for the machine; and when, under this supposition, it sent for the machine and plaintiff herself surrendered it without opposition, it seems liable to no imputation of illegal action.
■ Plaintiff’s claim seems to us to have no foundation whatever. We find nothing in the conduct of defendant or any of its agents calculated to produce the pretended terror under which she claims to have acted.
It is, therefore, ordered, adjudged and decreed, that the judgment appealed from be annulled,.avoided and reversed, and that plaintiff’s demand be rejected at her costs, in both Courts..
Rehearing refused.